UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-61613-CIV-WJZ

ALBERTO CERQUEIRA DE ARAUJO
COSTA and all others similarly situated under
29 U.S.C. 216(b),

    Plaintiff,

vs.

FOOD COURT BY BRAZILIAN DEPOT,
INC., DENISE V DE OLIVEIRA,
ERLOCIO DE OLIVEIRA,

    Defendants.
_____/

**JOINT MOTION FOR ENTRY OF ORDER APPROVING
SETTLEMENT AND DISMISSING CASE WITH PREJUDICE**

    Plaintiff, Alberto Cerqueira De Araujo Costa, Michelle Pereira Menezes, and Adenilton de Oliveira a/k/a "Dennis" ("Plaintiffs"), and Defendants, Food Court by Brazilian Depot, Inc., Erlocio De Oliveira, and Denise V De Oliveira ("Defendants"), hereby jointly request that this Court approve the settlement reached in this case and dismiss this case with prejudice, and in support thereof, state:

1. This is an action brought by all Plaintiffs for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 210 *et. seq.*  Defendants have denied any and all liability with regards to any alleged unpaid overtime and minimum wages and retaliation to Plaintiff in this action.

2. Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which contested claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims

under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.* In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

3. The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiffs' FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiffs against their alleged former employers, which was adversarial in nature. The settlement of the instant action also involves a situation in which Plaintiffs MENEZES and COSTA allege that they were retaliated by the employer-Defendants. Approval,

pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), is not required for settlement regarding retaliation pursuant to 29 U.S.C. 215(a)(3). *See also Ricardo Raul Chiu Pardon, et al. v. AC1 Supply, Inc., et al.*, Case No. 14-22904-CIV-ALTONAGA/O'SULLIVAN, [DE41 at FN 1]; *McQuillan v. H.W. Lochner, Inc.*, 2013 WL 6184063 (M.D. Fla. Nov. 25, 2013).

4. The Parties agree that the instant action involves disputed issues. Although Defendants dispute their liability for any overtime and minimum payments and retaliation to Plaintiffs, they have ultimately agreed to pay Plaintiffs a compromised amount of the disputed claims in order to buy their peace and avoid further litigation expenses and uncertainty.

5. The terms of settlement are as follows:

    a. This case involves claims made by the Plaintiffs for unpaid wages and retaliation under the FLSA.

    b. On or about June 30, 2016, after extensive negotiations, the parties reached a settlement between them that resolved all of Plaintiffs' claims, including those for attorney's fees and costs.

    c. Plaintiffs state that the settlement reached between them with respect to Plaintiffs' claimed FLSA damages represents a fair and reasonable resolution of disputed claims and that the terms of the settlement are acceptable to the Plaintiffs.

    d. The parties' settlement agreement is attached hereto as **Exhibit A** for the Court's consideration.

    e. Having agreed to the terms of the settlement reached, the Plaintiffs and the

    Defendants respectfully request that this Honorable Court approve the settlement between the parties.

  f. Accordingly, the parties request that this Court approve the Settlement attributed to Plaintiffs' FLSA claims, and thereafter dismiss this action with prejudice, with the Court retaining jurisdiction to enforce the terms of the settlement, and otherwise deny any pending Motions as moot. See *Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

  g. There was no undue influence, overreaching, collusion, or intimidation in reaching this settlement.

  h. A proposed order is provided herewith.

WHEREFORE, the Parties respectfully request this Honorable Court (1) approve the parties' settlement, (2) dismiss this action with prejudice pursuant to the Parties' settlement and dismissal, (3) retain jurisdiction to enforce the terms of the settlement agreement, (4) otherwise deny any pending Motions as moot, and (5) granting the parties such further relief as the Court deems just and appropriate.

DATED this 18th day of July 2016.

| | |
|---|---|
| */s/ Rivkah F. Jaff* | */s/ Jordan Richards* |
| Rivkah F. Jaff, Esq. | Jordan L. Richards, Esq. |
| Florida Bar No. 107511 | Florida Bar No. 108372 |
| E-mail: Rivkah.Jaff@gmail.com | E-mail: Richards@nklegal.com |
| | |
| J.H. ZIDELL, P.A. | LAW OFFICES OF NOLAN KLEIN |
| 300 71st Street, Suite 605 | One East Broward Blvd., Suite 1500 |
| Miami Beach, Florida 33141 | Fort Lauderdale, FL 33301 |
| Telephone: 305.865.6766 | Telephone: 954-745-0588 |
| Facsimile: 305.865.7167 | Fax: 877-253-1691 |
| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS |

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY
OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 7/18/16 TO THE
FOLLOWING:

**NOLAN KEITH KLEIN, ESQ.**
**LAW OFFICES OF NOLAN KLEIN, P.A.**
**WELLS FARGO TOWER**
**ONE EAST BROWARD BLVD., STE. 1500**
**FT. LAUDERDALE, FL 33301**
**PH: 954-745-0588**
**FAX: 305-397-1924**
**EMAIL: KLEIN@NKLEGAL.COM**

**JORDAN LEE RICHARDS, ESQ.**
**LAW OFFICES OF NOLAN KLEIN, P.A.**
**1 EAST BROWARD BLVD., SUITE 1500**
**FORT LAUDERDALE, FL 33301**
**PH: 954-745-0588**
**EMAIL: RICHARDS@NKLEGAL.COM**

BY:__/s/____Rivkah F. Jaff_____
        **RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-61613-CIV-WJZ

ALBERTO CERQUEIRA DE ARAUJO
COSTA and all others similarly situated under
29 U.S.C. 216(b),

    Plaintiff,

vs.

FOOD COURT BY BRAZILIAN DEPOT,
INC., DENISE V DE OLIVEIRA,
ERLOCIO DE OLIVEIRA,

    Defendants.
_____/

**ORDER GRANTING JOINT MOTION TO
APPROVE THE PARTIES' SETTLEMENT AGREEMENT**

**THIS CAUSE** came before the Court upon the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing the Case with Prejudice, and the Court having reviewed the motion and the file in this cause, having noted the agreement of the parties and being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** that the parties' settlement is hereby **APPROVED**. It is further ordered that this action is **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction to enforce the terms of the parties' settlement, should such enforcement become necessary.

**DONE AND ORDERED** in Chambers, in Ft. Lauderdale, Florida this _____ day of July, 2016.

 

                                          _____
                                          **UNITED STATES DISTRICT JUDGE**

Copies provided to:
All Counsel of Record