# SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE OF ALL CLAIMS

This settlement agreement and mutual general release of all claims ("Agreement") is entered into by and between Alberto Cerqueira De Araujo Costa, Michelle Pereira Menezes, and Adenilton de Oliveira a/k/a "Dennis" (collectively "Plaintiffs"), on the one hand, and Food Court by Brazilian Depot, Inc., Eriocio De Oliveira, and Denise V De Oliveira (collectively "Defendants"), on the other. Plaintiffs and Defendants shall be collectively referred to as the "Parties."

WHEREAS, Plaintiffs and Defendants are parties to that certain lawsuit pending in the United States District Court for the Southern District of Florida, styled Alberto Cerqueira De Araujo Costa, Michelle Pereira Menezes, and Adenilton de Oliveira a/k/a "Dennis" vs. Food Court by Brazilian Depot, Inc., Eriocio De Oliveira, and Denise V De Oliveira, Case No. 0:15-cv-61613-WJZ (the "Lawsuit"); and

WHEREAS, Defendants dispute the merits of Plaintiffs' claims, and have at all times posited that all of the Plaintiffs were paid and treated in full compliance with the Fair Labor Standards Act, including every relevant provision thereof; and

WHEREAS, the Parties have elected to amicably resolve this matter, pursuant to the following terms and conditions:

1.    Defendants, jointly and severally, in order to buy their peace and to avoid the uncertainty and further expense of litigation, have agreed to pay Plaintiffs and their attorneys the total sum of Fifty Thousand Dollars ($50,000.00) which shall be issued in three (3) equal installments and post-dated checks delivered to J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141, not later than fifteen (15) days after the date on which the Court approves this settlement, payable as follows:

a.     Sixteen Thousand Six Hundred and Sixty Six Dollars and Sixty Six Cents ($16,666.66), by draft payable to J.H. Zidell, P.A. Trust Account, within fifteen (15) days after the date on which the Court approves this settlement (the "First Payment").

b.     Sixteen Thousand Six Hundred and Sixty Six Dollars and Sixty Six Cents ($16,666.66), by draft payable to J.H. Zidell, P.A. Trust Account, within thirty (30) days after the date on which the First Payment is made (the "Second Payment").

c.     Sixteen Thousand Six Hundred and Sixty Six Dollars and Sixty Six Cents ($16,666.66), by draft payable to J.H. Zidell, P.A. Trust Account, within thirty (30) days after the date on which the Second Payment is made (the "Third Payment").

The installment payments (First Payment-Third Payment) shall be provided by Defendants, jointly and severally, by post-dated checks to Plaintiffs' Counsel along with the First Payment.

2.     The Settlement Funds shall be disbursed by Plaintiffs' Counsel and allocated as follows:

a.     Plaintiff MENEZES shall receive the total sum of Nine Thousand Nine Hundred Ninety-Nine Dollars and Ninety-Nine Cents ($9,999.99) of which One Thousand Five Hundred Dollars and No Cents ($1,500.00) represents unpaid wages and One Thousand Five Hundred Dollars and No Cents ($1,500.00) represents liquidated damages and Six Thousand Nine Hundred and Ninety-Nine Dollars ($6,999.99) representing damages owed to Plaintiff MENEZES regarding retaliation;

b.     Plaintiff COSTA shall receive the total sum of Fifteen Thousand Dollars and No Cents ($15,000.00) of which One Hundred Five Hundred Dollars and No Cents ($1,500.00) represents unpaid wages and One Thousand Five Hundred Dollars and No

Cents ($1,500.00) represents liquidated damages and Twelve Thousand Dollars and No Cents ($12,000.00) representing damages owed to Plaintiff COSTA regarding retaliation;

    c.    Plaintiff DENNIS shall receive the total sum of Three Thousand Dollars and No Cents ($3,000.00) of which One Thousand Five Hundred Dollars and No Cents ($1,500.00) represents unpaid wages and One Thousand Five Hundred Dollars and No Cents ($1,500.00) represents liquidated damages owed to Plaintiff DENNIS;

    d.    Plaintiffs' Counsel shall receive the total sum of Twenty Two Thousand Dollars and No Cents ($22,000.00) of which Seventeen Thousand Four Hundred Thirteen Dollars and Fifty Cents ($17,413.50) represents attorneys' fees and Four Thousand Five Hundred Eighty-Six Dollars and Fifty Cents ($4,586.50) represents costs in this litigation.

3.    Of each payment (First Payment-Third Payment) the following shall be received:

    a.    Plaintiff MENEZES shall receive Three Thousand Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($3,333.33);

    b.    Plaintiff COSTA shall receive Five Thousand Dollars and No Cents ($5,000.00);

    c.    Plaintiff DENNIS shall receive One Thousand Dollars and No Cents ($1,000.00);

    d.    Plaintiffs' Counsel shall receive Seven Thousand Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($7,333.33).

4.    Plaintiffs and their attorneys shall be solely responsibility to pay any applicable taxes and make any required withholdings under the law for the sums paid pursuant to this Agreement.

*A.C.    M.M. AD*

**Attorneys Not Tax Experts:** The Parties acknowledge that any attorney involved in this agreement does not claim to be an expert in tax matters. Each Party states that he/it has consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

5.      Plaintiffs and Defendants shall, within five days after the date on which this Agreement is executed, jointly file with the Court the Joint Motion for Order Approving Settlement and Dismissing Case with prejudice in the form attached hereto as Exhibit "A."

6.      Effective upon Defendants' payment of the sums set forth in Paragraph 1 of this Agreement, as well as upon the Court's approval of this Agreement, the Parties , as well as all of their attorneys, heirs, executors, administrators, successors, personal representatives, and/or assigns (collectively, "Releasing Parties"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, do hereby covenant not to sue, and remise, release, acquit, satisfy and forever discharge, Defendants, along with all of their heirs, executors, administrators, successors, assigns, attorneys, officers, directors, shareholder, employees, and managers (collectively, "Released Parties"), of and from all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, attorneys' fees, costs, judgments, executions, claims, damages, and demands whatsoever, in law or in equity, whether known or unknown, accrued or unaccrued, and whether foreseeable or unforeseeable, which the Releasing Parties ever had or now have, or which any of their heirs, partners, executors, administrators, successors, personal representatives, and/or assigns hereafter can, shall or may have, as against the Released Parties, arising out of and/or relating to the claims, causes of action, facts and transactions set forth in the Lawsuit, or which could have been set forth

in the Lawsuit, or which was or could have been set forth in any legal claim at any time up to the present date.

This Agreement shall effect the release of all claims which were, or could have been, asserted by and among Plaintiffs and Defendants in the Lawsuit.Payment Default. Should Defendants, jointly and severally, fail to make a payment of the Settlement Funds as described above, or should any of the checks be returned for non-sufficient funds or any other reason. Plaintiffs counsel shall give written notice via e-mail to Defense Counsel, Nolan Klein, Esq., at klein@nklegal.com. In the event that Defendants, jointly and severally, fail to cure said breach within three (3) business days of receiving the written notification, a final default judgment shall be entered against Defendants, jointly and severally, in the total amount of Seventy Thousand Dollars and 00/100 Cents ($70,000.00), less any payments made. In the event of a breach, Plaintiffs shall be entitled to any and all fees and costs incurred for reasonable attorneys' fees and costs for collection.

7.     The parties agree and acknowledge that Court approval of this Agreement is necessary to provide for a full and complete release of any claims that Plaintiffs allege under the Fair Labor Standards Act. The parties agree and acknowledge that Court approval of the Agreement is a material term of the Lawsuit.

8.     Non-Admission of Liability - Plaintiffs and Defendants agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by Defendants.

9.     Mutual Confidentiality – Notwithstanding that this Agreement may be made part of the Court record, the Parties agree and understand that the circumstances surrounding this lawsuit, Plaintiffs' employment with Defendants, and the Agreement, are strictly and absolutely

confidential. Notwithstanding any notations or filings in the judicial record, the Parties promise that they will not disclose the fact or terms of this Agreement to anyone, unless ordered to do so by a court of competent jurisdiction. As is the case with all other provisions of this Agreement, Confidentiality is a material condition of this Agreement. The Parties agree not to disclose or discuss this Agreement, the circumstances related thereto, or any information regarding the existence or substance of this Agreement to anyone except to an attorney and accountant with whom they choose to consult regarding the execution of this Agreement

10.     Mutual Non Disparagement – The Parties agree that they will not disparage one another , by written or oral word, gesture, or any other means, nor will he make any disparaging or negative comments about the one another, to any person or entity.

11.     No Future Employment – In consideration of the promises made by Defendants in this Agreement, Plaintiffs acknowledge that they do not currently work for Defendants, and agree not to seek employment or re-employment with the Released Parties at any point in the future. Plaintiffs agree that this forbearance to seek future employment is purely contractual and is in no way involuntary, discriminatory, or retaliatory.

12.     Neutral Employment References - Defendants, upon request of a potential employer, shall only provide neutral references stating the dates any of the Plaintiffs were employed and positions that were held. Jurisdiction. The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

13. The provisions of this Agreement may only be amended, supplemented, waived and/or modified by a writing signed by the party as to whom enforcement of any such amendment, supplement, waiver and/or modification is sought and making specific reference to this Agreement.

14. The Parties represent that they have read the Agreement, have had the opportunity to seek independent counsel of their own choice, and completely understand the terms and conditions and effect of this Agreement.  The Parties are therefore fully aware of the terms and conditions contained in this Agreement and have voluntarily and without duress entered into this Agreement and the transactions contemplated thereby.

15. This Agreement shall not be construed more strictly against one party than against any other party merely by virtue of the fact that it might be prepared by counsel for one of the Parties, it being recognized that all Parties have contributed substantially and materially to the preparation of this Agreement.

16. Capacity of the Parties – The Parties  represent and warrant to one another that they have the full power, capacity, and authority to enter into this Agreement. The Parties also represent and warrant that no claim, right, demand, action, or cause of action that the Parties  had or might have had arising out of the acts, events, transactions, and occurrences referred to herein have been assigned, transferred, or conveyed to any person not a party to this Agreement, by way of subrogation, operation of law, or otherwise, and that no releases or settlement agreements are necessary or need to be obtained from any other person or entity to release and discharge completely any of the Parties' claims released in this Agreement.

17. Entire Agreement – This Agreement sets forth the entire agreement between Plaintiffs and Defendants and, shall supersede any and all prior agreements, representations, or

understandings, whether written or oral, between the parties, except as otherwise specified in this Agreement.

18.     Recitals Incorporated - All of the recitals and representations described above or referred to in this Agreement are herein incorporated by reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

19.     Counterparts - This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

20.     Enforcement. In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.19.     Voluntariness. The Parties certify that they have fully read, negotiated, and completely understands the provisions of this Agreement, that the Parties have been advised to consult with an attorney before signing the Agreement, and that the Parties are signing freely and voluntarily, and without duress, coercion, or undue influence.

21.     Translation; By signing this Agreement, Plaintiff certifies that this Agreement has been translated for him by an attorney and that he fully understands the terms of this Agreement. TRADUCCIQN: AL FIRMAR ESTE ACUERDO. EL DEMANDANTE CERTIFICA OUE ESTE ACUERDO HA SIDO TRADUCO PARA EL FOR UN ABOGADO Y ELENTIENDE COMPLETAMENTE LOS TERMINOS DE ESTE ACUERDO.

(signature page to follow)

WHEREAS, by execution of this Agreement below, the Parties express their consent to be bound in all respects to the terms and conditions of this Agreement.

_____          Dated:  July 15 , 2016
Plaintiff, Alberto Cerqueira De Araujo Costa

_____          Dated:  July 15 , 2016
Plaintiff, Michelle Pereira Menezes

_____          Dated:  July 19 , 2016
Plaintiff, Adenilton de Oliveira a/k/a "Dennis"

Defendant, Food Court by Brazilian Depot, Inc.

By: ERLUCIO DE OLIVEIRA          Dated: July 15 , 2016

Name: _____

Position: OWNER _____

_____          Dated: July 15 , 2016
Defendant, Erlocio De Oliveira

_____          Dated: July 15 , 2016
Defendant, Denise V De Oliveira

A.C.   M.M. AD